**ORIGINAL**

LAW OFFICES OF IAN L. MATTOCH

IAN L. MATTOCH          898-0
EMILY KAWASHIMA WATERS   6498-0
Pacific Guardian Center
737 Bishop Street, Suite 1835
Honolulu, Hawai`i  96813
Telephone:  523-2451

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 26 2008

at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| JEANNE LESPERANCE and GERALD LESPERANCE,<br><br>               Plaintiffs,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>               Defendant. | CIVIL NO. CV08 00535 JMS LEK<br><br>COMPLAINT |

COMPLAINT

     Plaintiffs JEANNE LESPERANCE, and GERALD LESPERANCE,
by and through their attorneys, the Law Offices of Ian L.
Mattoch, state their allegations, averments and claims for
relief as follows:

COUNT I
MEDICAL NEGLIGENCE

     1.   This action is brought under the Federal Tort
Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, as set forth
more fully herein.

2.   Plaintiff JEANNE LESPERANCE resides in the City and County of Honolulu, State of Hawai`i.

3.   Plaintiff GERALD LESPERANCE was and is the spouse of Plaintiff JEANNE LESPERANCE.  Plaintiff GERALD LESPERANCE resides in the City and County of Honolulu, State of Hawai`i.

4.   At all times relevant herein, Defendant UNITED STATES OF AMERICA operated the TRIPLER ARMY MEDICAL CENTER (hereinafter referred to as "Tripler") as a Federally Supported Medical Center in the City and County of Honolulu, State of Hawai`i, which was engaged in providing medical care and treatment.

5.   On December 4, 2007, an administrative claim was presented by the Plaintiffs to the Medical Claims Attorney, Tripler Army Medical Center.  Said agency having failed to make a final disposition of said claim, Plaintiffs deem such failure to be a denial thereof.  Plaintiffs may file suit in the appropriate U.S. District Court (45 C.F.R. 35.2(b) and 28 U.S.C. 2675 (a)).  This action is properly brought in Federal Court for the District of Hawai`i.

6.   At all times relevant herein, Defendant held itself out to the public and to the Plaintiffs as having and possessing the requisite skill, competence, facilities and personnel to properly care for and treat Plaintiff JEANNE LESPERANCE.

2

7.    At all times relevant herein, Defendant provided personnel, including doctors, nurses, attendants, and others for the care and treatment of patients, including Plaintiff JEANNE LESPERANCE.

8.    The acts and occurrences complained of in this matter occurred at the facilities of the TRIPLER ARMY MEDICAL CENTER within the City and County of Honolulu, State of Hawai`i. This Court has jurisdiction and venue over this matter pursuant to 28 U.S.C. §1346(b), §1391(e) and §1402(b).

9.    JEANNE LESPERANCE, was a patient at Tripler where she sought treatment for her arthritis.  On April 28, 2006, she underwent surgery on her left thumb performed by Dr. John Ingari.  A cast was placed on her left hand.

10.    JEANNE LESPERANCE sought medical assistance from personnel at Tripler post-surgery due to swelling and pain caused by the cast.  However, she was repeatedly turned away and was never seen by a medical professional.

11.    JEANNE LESPERANCE continued to suffer from extreme swelling and pain of her left hand and wrist.  She was diagnosed with reflex sympathetic dystrophy of her left hand.

12.    Plaintiffs allege that Tripler Army Medical Center, the Tripler nursing staff, orthopedic clinic technicians and physicians' ("Tripler") conduct failed to meet the applicable standards of care for a similar medical facility and

staff in a similar situation.  Plaintiffs allege that Tripler's orthopedic staff failed to meet the applicable standards of care for similar orthopedic departments in a similar situation.

13.  Tripler did not provide adequate observation, diagnosis and care for JEANNE LESPERANCE.  Tripler had the capability of properly observing and communicating with JEANNE LESPERANCE.  It was negligent that JEANNE LESPERANCE was not seen on multiple occasions when she came to Tripler complaining of swelling and pain in her hand.

14.  JEANNE LESPERANCE suffered from serious and permanent injuries as a result of the negligence of Tripler's personnel, who were employed by Defendant and acting within the course and scope of their employment.

15.  JEANNE LESPERANCE suffered from serious and permanent injuries as a result of Defendants' breaches of the standard of care, including but not limited to, failure to provide adequate observation, diagnosis and care for Plaintiff JEANNE LESPERANCE's condition.

16.  The aforesaid negligence and breaches of the applicable standards of care of Defendants were the direct, proximate and legal causes of injury to JEANNE LESPERANCE.  As a result, Plaintiff GERALD LESPERANCE suffers loss of love, affection, society and consortium of Plaintiff JEANNE LESPERANCE.

## COUNT II - *RESPONDEAT SUPERIOR*

17.   Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

18.   At all times relevant herein, Tripler's personnel were in the course and scope of their employment as agents and/or employees of Defendant UNITED STATES OF AMERICA.

19.   Defendant UNITED STATES OF AMERICA is vicariously liable for the negligence of its agents and/or employees who were in the course and scope of their duties under the doctrine of *respondeat superior.*

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant UNITED STATES OF AMERICA for all general and special damages caused by Defendant, as well as the costs of suit, attorneys' fees, prejudgment and post-judgment interest, and all other relief to which they are entitled.  Plaintiffs contend that the amount of damages as alleged herein falls within the jurisdictional requirements of this Court.

DATED:   Honolulu, Hawai`i,   NOV 2 6 2008                 .

IAN L. MATTOCH
EMILY KAWASHIMA WATERS
Attorneys for Plaintiffs